Filed 4/26/21  P. v. Lopez CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B308988 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA054272) |
| v. | |
| MICHAEL SANTILLAN LOPEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, David W. Stuart, Judge.  Dismissed.

Jennifer Peabody, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

## PROCEDURAL BACKGROUND AND DISCUSSION

"Defendant [Michael Santillan Lopez] went to trial on charges of willful, deliberate and premeditated attempted murder of a peace officer (§§ 664 & 187, subd. (a)),[1] assault on a peace officer with a semi-automatic firearm (§ 245, subd. (d)(2)), evading a peace officer (Veh. Code, § 2800.2, subd. (a)), possession of a firearm by a felon (§ 12021, subd. (a)(1)), carrying a loaded firearm (§ 12031, subd. (a)(1)), and possession of ammunition (§ 12316, subd. (b)(1)).[2] The following gang and weapon enhancements were also alleged: as to counts one through three, defendant personally and intentionally discharged a firearm (§ 12022.53, subd. (c)), and a principal personally used a firearm (§ 12022.53, subds. (b) [&] (e)(1)); as to count three, defendant personally used a firearm (§ 12022.53, subd. (b) [&] § 12022.5, subds. (a) [&] (d)); as to count seven, defendant was an active participant in a street gang (§ 12031, subd. (a)(2)(C)); and as to counts one through eight, the offenses were committed for the benefit of, at the direction of, or in association with a criminal street gang with the specific intent to promote, further or assist in criminal conduct by gang members (§ 186.22, subd. (b)(1)(A) [counts four through eight] and (C) [counts one through three]). It was also alleged that defendant suffered prior convictions of serious or violent felonies or juvenile adjudications. (§ 1170.12,

---

[1] "Unless otherwise noted, all section references are to the Penal Code."

[2] "Edward Alcala was charged in the information as a co-defendant. He plead[ed] guilty before trial . . . ."

2

subds. (a)–(d); § 667, subds. (b)–(i); § 667, subd. (b).)"[3]  (*People v. Lopez* (Aug. 17, 2009, B209515) [nonpub. opn.].)

On June 11, 2008, the jury found defendant guilty on all charges and found all allegations true.  On July 9, 2008, the trial court sentenced defendant to a total of 114 years to life in state prison.  On August 17, 2009, we affirmed the judgment.

On October 16, 2020, Lopez filed a "Motion For Modification Of Sentence Pursuant to Senate Bill 1393," requesting that the trial court strike his prior serious or violent felony enhancements pursuant to Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1013, § 2), which became effective on January 1, 2019.  Senate Bill No. 1393 amended sections 667 and 1385 to give trial courts discretion to strike these enhancements "in furtherance of justice."  (§ 1385, subd. (a).)  In support of his motion, Lopez referenced his participation in "Victims Impact Groups" and participation in educational and restorative justice programs that "have given me insight into the life-style I was living at the time of my crime, and through these groups I have been able to truly learn what it is to hold oneself accountable and feel remorse."  Lopez attached to his motion certificates showing his participation in Criminal and Gangs Anonymous; completion of high school equivalency tests, a sewing machine operator apprenticeship, associate certified electronics technician customer service educational courses, and training in hand tools; and participation in anger management, victim impact, and stress management programs.

---

[3]  We have taken this description of the charges against Lopez from our opinion in Lopez's prior appeal.

On October 20, 2020, the trial court denied Lopez's motion because "Defendant's conviction became final in 2009 after his petition for review to the California Supreme Court was denied (case no. S176636), long before the effective date of the SB 1393 in 2019." The trial court reasoned that the amendments to section 1385 enacted by Senate Bill No. 1393 do not apply retroactively to final cases. Lopez filed a timely notice of appeal.

We appointed counsel, who filed a brief identifying no issue and invited this court independently to review the entire record for arguable issues. This court notified Lopez that he had 30 days to file a supplemental brief. Lopez did not file a supplemental brief. We thus have no independent duty to review the record for arguable issues. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1034, review granted Oct. 14, 2020, S264278 ["[W]e reject the notion that the Constitution compels the adoption or extension of [*People v. Wende* (1979) 25 Cal.3d 436] procedures (or any subset of them) for appeals other than a criminal defendant's first appeal of right because, beyond that appeal, there is no right to the effective assistance of counsel."].) We thus dismiss this appeal as abandoned. (*Cole*, at pp. 1023–1024, review granted.)

## DISPOSITION

The appeal is dismissed.
<u>NOT TO BE PUBLISHED.</u>


                                        BENDIX, Acting P. J.


We concur:



CHANEY, J.



FEDERMAN, J.*

---

        *  Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.